UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANDRE COLEMAN,

    Plaintiffs,

                                                                         Case Number:

v.

C.W. ROBERTS CONTRACTING, INC.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendants pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendants as a manual laborer.

3. Plaintiff was employed by Defendant during the three years prior to this lawsuit.

4. Defendant is a road construction company and provides related services in Hillsborough County, Florida.

5. Defendant is integrated and intertwined with interstate commerce because of its primary business operation.

6. During his employment, Plaintiff received paychecks from Defendant.

7. During his employment, Plaintiff performed blue collar services for Defendant.

8. Defendant owns and operates a road maintenance enterprise in Plant City, Florida.

9. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

10. For the majority of Plaintiff's employment, Plaintiff was classified as a non-exempt employee entitled to overtime.

11. During the entirety of his employment, Plaintiff worked at least 45 hours per week.

12. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

13. Plaintiff was not subject to any overtime exemptions.

14. Defendants engaged in an illegal policy of requiring Plaintiff to work 43 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

15. Defendant did not maintain or utilize time keeping records and software that would have allowed Plaintiff to be paid for all hours worked in violation of 29 C.F.R. § 516.

16. Defendants failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

17. Defendants engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendants in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

18. Specifically, Defendant knew Plaintiff was entitled to receive overtime wages and was a non-exempt employee because Defendant paid Plaintiff overtime wages for the vast majority of Plaintiff's employment. However, in or about April 2019, Defendant determined that Plaintiff earned "too much overtime" and unilaterally decided to intentionally misclassify Plaintiff as an exempt employee, not entitled to overtime, claiming Plaintiff was suddenly "salaried."

19. Plaintiff's job roles, duties, and responsibilities did not significantly change during the course of Plaintiff's employment.

20. Therefore, Plaintiff should have continued to have been classified as a non-exempt, hourly employee entitled to overtime.

21. As of this date, Plaintiff still has not been paid the entirety of his overitme wages and have not been compensated for the full extent of his damages and wage loss under the FLSA.

22. Plaintiffs seeks full compensation, including back wages, liquidated damages, attorney's fees, and costs because Defendants' conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendants.

23. Defendant is a for profit corporations that operate and conduct business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

24. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the road construction industry as Defendant operates a tree trimming enterprise and require Plaintiff to travel along highways and biways repairing roads that extend from Florida into other states.

25. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

26. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hilslborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

27. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendants as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable

expertise in the road construction industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendants has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including automobiles, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

28. At all material times relevant to this action, Plaintiff in his capacity as a laborer was individually covered by the FLSA. The very essence of Plaintiffs' employment, repairing roads, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

29. Although Defendant referred to Plaintiff as a "supervisor," Plaintiff did not have the authority to hire or fire employees. Plaintiff did not set pay rates or schedules for employees. Plaintiff did not create corporate strategy or policies. Plaintiff did not create budgets or implement legal policies.

30. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment. Additionally, Defendant did not rely upon any Department of Labor opinion letter in stripping away Plaintiff's overtime.

31. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

32. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

32. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

34. Plaintiff was employed by Defendants and was, at all times, protected by the FLSA.

35. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek..

36. Defendants engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

37. Plaintiffs was damaged as a result of Defendants' failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

38. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

39. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 1st day of October, 2020,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

**s/W. John Gadd**
W. John Gadd, Esq.
Fl Bar Number 463061
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com